# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 13 |
| ) | |
| JEROME AND NANCY ) | Case No. 10-12221 (BLS) |
| JUVENNELLIANO ) | |
| ) | |
| Debtors. ) | |
| ) | |

| | |
|---|---|
| Tiffany Poole | Kristi J. Doughty |
| 2055 Limestone Road | Robert T. Aulgur, Jr. |
| Wilmington, DE 19808 | WHITTINGTON & AULGUR |
| | 651 N. Broad Street, Suite 206 |
| *Counsel for the Debtors* | Middletown, DE 19709 |
| | |
| | *Counsel for Ford Motor Credit Corporation* |

## OPINION[1]

Before the Court is a motion (the "Motion") [Docket No. 33] filed by Ford Motor Credit Corporation ("Ford") for the allowance and payment of an administrative claim in this chapter 13 case. Ford seeks the allowance of an administrative expense claim for damages resulting from the breach of an assumed automobile lease. For the following reasons, the Court will grant the Motion to allow Ford's administrative expense claim in the amount of $2,371.28 and direct the Debtors to file a modified plan providing for payment of the administrative expense claim.

## I. BACKGROUND

On July 13, 2010, Jerome and Nancy Juvennelliano ("Debtors") filed a petition for relief under chapter 13 of title 11. On their Statement of Financial Affairs, Debtors listed debts owed

---

[1] Pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, made applicable to this contested matter by Rule 9014(c), this Opinion constitutes the Court's findings of fact and conclusions of law.

for two vehicles, including $4,774.00 remaining due on an automobile lease with Ford for a 2008 Ford Edge.

Debtors filed their chapter 13 plan on July 13, 2010. Paragraph 5 of the plan provided:

> 5. (If applicable) The following leases or executory contracts of the debtor will be treated as follows: Debtors will assume the lease with Ford Motor Credit for the 08 Ford Edge. Debtors will continue to make payments directly to Ford Motor Credit.

On September 30, 2010, the Court confirmed Debtors' chapter 13 plan.

On April 25, 2011, one month prior to the lease maturity date, Debtors returned the vehicle with a balance of $1,291.68 remaining on the lease and $1,513.60 due in excess mileage charges. Ford moved for the allowance and payment of these charges, as well as various taxes and attorney fees, as an administrative claim in the amount of $3,209.00.

## II. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## III. DISCUSSION

Ford seeks the allowance of an administrative expense claim, asserting that damages resulting from the breach of an assumed lease are administrative expenses under §§ 365(g) and 502(b). In their objection to the motion, Debtors argue that because the Court confirmed the chapter 13 plan, Ford is bound by the terms of the plan and cannot disrupt the expectations of other creditors by elevating the priority of its claim.

Resolution of this matter requires the Court to consider two questions: does the breach of an assumed lease give rise to an administrative expense claim, and if so, what damages are included in the calculation of that claim?

2

The Bankruptcy Code permits a debtor to assume or reject an executory contract or unexpired lease. 11 U.S.C. § 365(a). "The assumption of an executory contract by a Debtor-in-Possession is an act of administration creating an obligation of the estate which is legally distinct from the obligations that existed prior to an assumption of the contract." In re Multech Corp., 47 B.R. 747, 750-51 (Bankr. N.D. Iowa 1985); In re Wells, 378 B.R. 557, 561 (Bankr. S.D. Ohio 2007); In re Enderle, 352 B.R. 444, 446 (Bankr. E.D. Mich. 2006). A confirmed plan generally obligates the estate on assumed leases in the event of their default. In re Michalek, 393 B.R. 642, 643 (Bankr. E.D. Wis. 2008) (citing 11 U.S.C. §§ 365(g)(2), 1327(a)).

A.  *Damages Arising From Breach of Assumed Leases*

The Bankruptcy Code does not specifically address the treatment of claims resulting from the breach of an assumed contract. In re Johnston, Inc., 164 B.R. 551, 553 n.1 (Bankr. E.D. Texas 1994). While Section 365(g) provides that such a breach is treated as a post-petition breach, it does not explicitly provide that the resulting damages are entitled to administrative priority. 3 COLLIER ON BANKRUPTCY ¶ 365.10[5]. However, "the former Bankruptcy Act unambiguously provided that '[w]hen a contract entered into or assumed in a superseded proceeding is rejected, the resulting liability shall constitute a cost of administration of the superseded proceeding.'" Johnston, 164 B.R. at 553 n.1 (citing 11 U.S.C. § 778(b)); Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.), 78 F.3d 18 (2d Cir 1996) (noting that the 1967 amendments to Bankruptcy Act §§ 238(b), 378(b), and 483(b) provided for the administrative priority treatment of assumed contract breach damages).

Generally, where a lease has been assumed by a debtor and subsequently rejected, courts have granted administrative expense status to claims for damages arising from the breach. In re Smith, 315 B.R. 77, 79 (Bankr. W.D. Ark. 2004). See e.g. In the Matter of Masek, 301 B.R. 336,

337 (Bankr. D. Neb. 2008); Michalek, 393 B.R. at 644; Wells, 378 B.R. at 561; Enderle, 352 B.R. at 447; Multech, 47 B.R. at 750. Collier on Bankruptcy supports this view and explains:

> One might argue that if the estate gets no benefit from the breach, there is no basis for administrative priority under section 503. The better approach, however, is to recognize that the estate receives the benefit of the assumed contract which presumably was viewed as beneficial at the time it was assumed, and takes that contract cum onere. Therefore any damages flowing from the breach of a previously assumed contract should be considered first priority administrative expenses.

3 COLLIER ON BANKRUPTCY at ¶ 365.10[5] (citing Adventure Res. v. Holland, 137 F.3d 786 (4th Cir. 1998); Klein Sleep, 78 F.3d 18 (2d Cir. 1996); Elliot v. Four Seasons Props. (In re Frontier Props., Inc.), 979 F.2d 1358 (9th Cir. 1992)). However, this explanation is based on cases that were filed under chapter 11, which differs from chapter 13[2] in various manners, including the level of procedural complexity and the non-consensual nature of the chapter 13 plan process. In re Elmore, 94 B.R. 670, 675 (Bankr. C.D. Cal. 1988).

The assumption of an unexpired lease under chapter 13 is typically not subject to the same level of scrutiny as in a chapter 11 case. "Unlike in a chapter 11 case, the Bankruptcy Code and Rules do not establish any requirement that the court approve a chapter 13 debtor's assumption of a personal property lease as being in the best interest of creditors or the bankruptcy estate, or even as a proper exercise by the debtor of his or her business judgment." In re Rosenhouse, 2011 WL2551497 at *5 (Bankr. E.D.N.Y June 27, 2011). See also In re Youngs, 7 B.R. 69, 71 (Bankr. D. Mass. 1980) ("Whether property is necessary to the rehabilitation of a Chapter 13 debtor is not a factor applicable to confirmation of a plan under Chapter 13."). By

---

[2] Courts have consistently observed that chapter 11 and chapter 13 have significant differences and purposes. See In re Regional Bldg. Systems, Inc., 254 F.3d 528, 532 (4th Cir. 2001) (noting that "Chapter 11 and Chapter 13 serve different purposes"); In re Sharon, 234 B.R. 676, 689 (B.A.P. 6th Cir. 1999) ("Chapter 13 is distinguishable from chapter 11 in that chapter 13 does not confer upon a debtor the rights, powers and duties of a trustee under the avoidance and recovery provisions of the Code."). Similarly, the Internal Revenue Code distinguishes between chapter 11 and chapter 13 debtors in that it provides for the creation of a separate taxable entity upon the filing of a petition under chapter 11, but not under chapter 13. In re Smith, 447 B.R. 435, 443 (Bankr. W.D. Pa. 2011).

contrast, if a chapter 11 debtor assumes a lease, creditors (and usually a committee) have had an opportunity to object to the assumption motion and a court has found, after notice and a hearing, that the assumption is in the best interests of the debtor, its estate, and its creditors. See e.g. In re ANC Rental Corp., Inc., 277 B.R. 226 (Bankr. D. Del. 2002). Such a process does not translate directly to chapter 13, and thus, it is perhaps less appropriate to burden the creditors of a chapter 13 debtor with the economic consequences of an improvident lease assumption.

While many courts have given such claims administrative priority in the full amount asserted, other courts have declined to find that breach of the assumed lease automatically creates an administrative expense obligation and awarded administrative priority only to the extent of the benefit the assumed contract provided to the estate. See Michalek, 393 B.R. at 644; Johnston, 164 B.R. at 554. In so holding, courts have noted the perceived inequity in allowing and paying assumed contract breach claims in full as administrative expenses. See In re Parmenter, 527 F.3d 606, 608 (6th Cir. 2008); In re Wright, 256 B.R. 858, 861 (Bankr. W.D.N.C. 2001) (noting that the advantages from administrative expense treatment provided to equipment or vehicle lessors "seems at odds with the general premise in bankruptcy that one creditor should not enjoy a windfall at the expense of other creditors."); Johnston, 164 B.R. at 555 ("courts should be wary of preferring one creditor's claim over another.").

This Court agrees with the case law holding that damages resulting from the post-confirmation breach of an assumed lease give rise to an administrative expense claim. However, as explained more fully below, the Court finds that the administrative claim should be allowed only to the extent that the assumed lease benefitted the estate.

B.  *Calculation of Administrative Claim for Assumed Lease Breach Damages*

Section 503 of the Bankruptcy Code governs administrative expense claims and "[o]f the types of claims specifically allowed as an administrative expense, only § 503(b)(1)(A) is applicable" to claims based on the breach of assumed leases. Johnston, 164 B.R. at 554. Section 503(b)(1)(A) provides that "the actual, necessary costs and expenses of preserving the estate" shall be allowed as administrative expenses. 11 U.S.C. § 503(b)(1)(A).

A main purpose for granting administrative priority to certain expenses is to incentivize creditors to continue doing business with a debtor. In re Merry-Go-Round Ent., Inc., 180 F.3d 149, 158 (4th Cir. 1999). Bankruptcy courts have broad discretion to determine whether a claim is a proper administrative expense. Ford Motor Credit v. Bankr. Estates of Benn, 362 B.R. 1, 5 (E.D. Mich. 2007). However, administrative claims must be strictly construed based on the presumption that a debtor has limited resources to be distributed equally to creditors. Michalek, 393 B.R. at 644 (quoting In re SpecialtyChem Prods. Corp., 372 B.R. 434, 440 (E.D. Wis. 2007)).

In accordance with the longstanding policy regarding administrative claim construction and Section 503(a)(1), some courts have held that priority may be granted "'only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business.'" Trustees of Amalgamated Ins. Fund v. McFarlin's Inc., 789 F.2d 98, 101 (2d Cir. 1986) (quoting In re Mammoth Mart, Inc., 536 F.2d 950, 953 (1st Cir. 1976)); see also Michalek, 393 B.R. at 644; Smith, 315 B.R. at 79; Merry-Go-Round, 180 F.3d at 157. A creditor is not necessarily unfairly prejudiced by an award allowing an administrative expense claim that fails to include all breach

6

damages because the creditor's pre-petition position has been significantly improved by the assumption. Johnston, 164 B.R. at 555.

Numerous courts have declined to include the attorney fees incurred for filing the motion as part of the allowed administrative expense claim because it "was not an expense of preserving the estate as required by 11 U.S.C. § 503(b)(1)(A)." Enderle, 352 B.R. at 447; see e.g. In re Sports Shinko (Florida) Co., Ltd., 333 B.R. 483, 499 (Bankr. M.D. Fla. 2005) ("Generally a creditor's legal fees are not allowable as an administrative expense claim unless the creditor can demonstrate that the legal services provided a benefit to the estate."); In re Jack/Wade Drilling, Inc., 258 F.3d 385 (5th Cir. 2001) (denying administrative expense treatment of creditors' attorney fees incurred by successful prosecution of a breach of contract counterclaim). But see 11 U.S.C. § 365(d)(3) (requiring timely payment of all post-petition obligations under real property leases). These courts have noted that "the award and distribution of attorney fees is generally a matter committed to the discretion of the bankruptcy court." Cornelison v. Wallace, 202 B.R. 991, 993 (D. Kan. 1996). Thus, while counsel may be entitled to attorney fees, the trustee, and consequently the estate, is not necessarily required to pay the obligation. Id.

Here, Debtors assumed the lease with Ford pursuant to their chapter 13 plan, which created a new obligation. Debtors' use of the vehicle for nearly a year following the bankruptcy filing provided a material benefit to the estate. Debtors returned the vehicle one month before the vehicle was due under the lease, thus the estate received no benefit during the last month of the lease.

Ford claims that $1,291.68 remained due on the lease and Debtors' monthly payment was $434.00, thus the estate received the benefit of $857.68 plus the $1,513.60 in excess mileage charges. Accordingly, Ford is entitled to an administrative expense claim for $2,371.28,

representing the payments due during the months that the vehicle benefitted the estate and the fees for excess mileage accrued during that time as actual and necessary expenses of the administration of the estate.

The Court concludes that attorney fees for filing the Motion do not constitute a necessary expense for the administration of the estate and will not be accorded administrative priority here. Denying administrative expense priority for the future lease payment and miscellaneous fees comports with the longstanding law that requires strict construction of administrative claims. See e.g. Michalek, 393 B.R. at 644. Allowing an administrative expense claim for only those damages that provided a benefit to the estate provides certainty that the claim is the of type contemplated under 11 U.S.C. § 503(b)(1)(A). Accordingly, Ford is entitled to an administrative claim for the excess mileage fees and payments due for the months prior to the surrender of the car.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the motion for allowance of an administrative expense claim in the amount of $2,371.28, with instructions that Debtors are to file a modified chapter 13 plan within 30 days of the entry of an order that includes payment of Ford's administrative expense claim. An appropriate order follows.

BY THE COURT:

Dated:    Wilmington, Delaware
          September 7, 2011                         Brendan Linehan Shannon
                                                    United States Bankruptcy Judge